NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA R. VALLEJO,<br><br>Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC.,<br><br>Defendant. | Case No.  2:19-cv-03000<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes PATRICIA R. VALLEJO ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CLIENT SERVICES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a 74 year-old consumer residing in Los Angeles County, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the state of Missouri with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Plaintiff obtained a line of credit from Capital One Bank, N.A. ("Capital One") for the purchase of personal and household goods.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Capital One, thus incurring debt ("subject debt").

11. Capital One subsequently charged off the subject debt and stopped sending periodic billing statements to Plaintiff for months.

12. Thereafter, Capital One turned over the subject debt to Defendant for collection.

13. On February 25, 2019, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt in the amount of $2,092.60.

14. Defendant's February 25, 2019 collection letter contains the following itemizations:

| | |
|---|---|
| Balance Due At Charge-Off: | $2,092.60 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |
| Current Balance: | $2,092.60 |

15. Given the passage of time between Capital One charging off the subject debt, the fact Capital One ceased sending periodic statements for months, and the fact that the debt had not increased since the time it was charged off, it is clear that Capital One had waived its right to collect interest in connection with the subject debt, in turn precluding Defendant from being able to add such interest.

16. However, the itemization of interest and "other charges" as totaling "$0.00," suggests to the least sophisticated consumer that such interest and "other charges" may be added to the subject debt in the future.

17. However, Defendant could not add any interest to the subject debt given the waiver by Capital One.

3

18. Furthermore, Defendant did not intend to add such interest given the waiver by Capital One and further based on the nature of the circumstances surrounding the sending of the February 25th collection letter.

19. Similarly, Defendant could not, and did not intend to, add any "other charges" to the subject debts. As an initial matter, it cannot readily be ascertained from Defendant's collection letter what exact charges would be included within this "other charges" category. This creates an inherent ambiguity in the collection letter as to what precise amounts Defendant may attempt to collect from Plaintiff in the future in the event Plaintiff did not pay the subject debt immediately upon receipt of Defendant's collection letter.

20. Furthermore, Defendant could not add "other charges" to the subject debt since, upon information and belief, the agreement creating the subject debt did not allow for the broad application of "other charges" to the subject debt.

21. Upon information and belief, to the extent the transaction resulting in the creation of the subject debt does allow for additional amounts to be added to the subject debt, such amounts would be limited to interest (which right was waived by Capital One's subsequent conduct), as well as any costs Capital One may have incurred in connection with hiring a debt collector to collect the debt and costs related to reducing the debt to judgment.

22. Clearly, Capital One had not incurred any costs in connection with its efforts to collect the subject debt at the time the February 25th letter was sent by Defendant, as such costs presumably would have been itemized in the letter.

23. Furthermore, neither Capital One nor Defendant could have incurred any costs associated with reducing the debt to judgment, since it had not yet reduced the debt to judgment at the time the February 25th letter was sent. Similarly, at the time the February 25th collection letter was sent,

Defendant was attempting to work with Plaintiff to address the subject debt, and had not yet intended to seek litigation against Plaintiff in connection with the subject debt.

24. As such, Defendant did not, and could not have intended to add "other charges" at the time it sent the February 25th collection letter because it could not have known whether such "other charges" would ever be properly collectible.

25. As a result of Defendant's conduct, Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect interest and other charges through the inclusion of the above-referenced itemization, when the right to collect interest was waived by Capital One; when no such right to "other charges" existed in the underlying contract; and/or when Defendant did not intend to collect interest and other charges.

26. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1988.[1]

---

[1] https://www.acainternational.org/search#memberdirectory

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language itemizing interest and "other charges" as "$0.00" in the February 25th collection letter. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could, and intended to, collect an amount that would be above and beyond that which was outlined as the total due on the collection letter. The subject debt referenced in the February 25th collection letter was charged off by Capital One for a total balance of $2,092.60. Given the passage of time the debt did not accrue interest after charge-off, and Defendant's attempt to collect the same amount as when the debt was charged off, Capital One and its agents and successors waived the right and ability to add such interest. Additionally, Defendant did not intend to add such interest. As such, it was false, deceptive, and misleading for Defendant to suggest the subject debt could accrue interest in the future, both when Defendant lacked the lawful ability to add such interest and did not intend to add such interest.

36. Furthermore, Defendant could not, and did not intend to, add any "other charges" to the subject debt at the time it sent the February 25th collection letter. Upon information and belief, the transaction resulting in the creation of the subject debt did not include a provision allowing for third party debt collectors to collect "other charges" in connection with the subject debt. To the extent such charges were allowed, such charges would have been incurred prior to the sending of the February 25th collection letter, or otherwise would not yet have been contemplated at the time the February 25th collection letter was sent. This illustrates both Defendant's lack of ability and intent to add other charges to the subject debt. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest and other charges. Defendant intentionally chose to utilize its deceptive language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt promptly, interest or other charges may accrue – even though such interest and other charges were not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt quickly, lest he be subjected to interest and other charges on the subject debt.

37. Defendant's similar itemizations in a nearly identical letter have been deemed sufficient to state a claim under the FDCPA. *Duarte v. Client Servs.*, No. 18 C 1227, 2019 U.S. Dist. LEXIS 53900 at *7 (N.D. Ill. Mar. 29, 2019) (The phrase "Other Charges" along with an amount of "$0.00" listed could have implied to plaintiff, as well as the unsophisticated consumer, that plaintiff could have incurred additional charges… In fact, the First Letter has separate line items for "Interest" and "Other Charges." An unsophisticated consumer, like plaintiff, could reasonably have believed that she would incur other charges if she did not pay the debt.) (internal citations omitted).

   b. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

40. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject debt, the above referenced portions of the collection letter violate the FDCPA.

WHEREFORE, Plaintiff, PATRICIA R. VALLEJO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

43. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

44. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8

### a. Violations of RFDCPA § 1788.17

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

46. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant engaged in a deceptive and unconscionable campaign to collect on the subject consumer debt after the subject consumer debt was charged off by Capital One. Defendant deceptively and unconscionably alluded that it could collect interest and other charges in its correspondence. Upon charge-off, Capital One and its successors waived the right and ability to add interest and other charges. It was a legal impossibility for Defendant to add interest and other charges to the subject consumer debt at the time the correspondence was sent. Defendant purposefully included this misleading language to instill a false sense of urgency in Plaintiff so that she would be compelled to make prompt payment.

47. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, PATRICIA R. VALLEJO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: April 18, 2019            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com