Kathleen A. Zugsay
California State Bar No. 325196
Email: kzugsay@mamlaw.com
MALONE FROST MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

Attorneys for Defendant
Client Services, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA R. VALLEJO,<br><br>Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC.,<br><br>Defendant. | Case No.:  2:19-cv-03000-FMO-E<br><br>**DEFENDANT CLIENT SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS [Fed. R. Civ. P. 12(c)]**<br><br>**DATE: August 29, 2019**<br>**TIME: 10:00 a.m.**<br>**DEPT: Courtroom 6D** |

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Client Services, Inc. ("CSI" or "Defendant") by and through its undersigned counsel, hereby submits this Motion for Judgment on the Pleading, stating as follows:

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. 2

I. INTRODUCTION ........................................................................ 6

II. LEGAL STANDARDS AND STATUTORY FRAMEWORK ................................. 7

    A.   Rule 12(c) and 12(b)(6) ...................................................... 7

    B.   The FDCPA ................................................................. 8

    C.   Standing .................................................................... 9

III. ARGUMENT ........................................................................ 10

    A.   Plaintiff lacks standing to sue under the FDCPA because she did not suffer a cognizable injury-in-fact. ................................................. 10

    B.   The Letter Does Not Violate § 1692e. ........................................ 12

        i.   Defendant's letter accurately states the amount owed by Plaintiff. ................... 12

        ii.   Plaintiff's reliance on Duarte is misplaced consider other courts have ruled that the letter does not violate the FDCPA. ................................. 14

        iii.   The Ninth Circuit has held that § 1692e(10) cannot be violated where the requirements of § 1692g(a) are satisfied. ................................. 17

        iv.   The Ninth Circuit requires that FDCPA violations be material ..................... 17

    C.   The Letter did not violate § 1692f ........................................... 19

    D.   The Letter does not violate Cal. Civ. Code § 1788.17 ........................... 20

IV. CONCLUSION ...................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**U.S. Supreme Court Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................7

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) .........................................................10

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) .10

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ....................................................7

*Spokeo, Inc. v. Robins*, U.S. 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) .........................9, 10

**U.S. Court of Appeals Cases**

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ..................................................8

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012). .....................................7

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) ...................8

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .............................8

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) .........................................8, 13

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir.2010) ...........................9, 18

*Elyazidi v. SunTrust Bank*, 780 F.3d 227 (4th Cir. 2015)......................................18

*Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504 (6th Cir. 2007)....................17

*Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004) ............................16

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir.2011)....................9, 13, 16

*Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926 (9th Cir. 2007)...........................9

*Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009)........................18, 19

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990).....8

*Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435 (8th Cir. 2015) ...................................18

*Jensen v. Pressler & Pressler*, 791 F.3d 413 (3d Cir. 2015) .............................................18

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ..................8

*Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011) ......................................................9

*Miller v. Javitch, Block, Rathbone*, 561 F.3d 588 (6th Cir. 2009) ..................................18

*Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290F.3d 1055 (9th Cir. 2002).....17

*Riggs v. Prober & Raphael*, 681 F.3d 1097 (9th Cir. 2012)............................................21

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) ...........................................8

*Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643 (7th Cir. 2009)................................18

**U.S. District Court Cases**

*Amina v. WMC Mortg. Corp.*, No. 10-cv-00165-JMS-KSC, 2011 WL 1869835 (D. Haw. May 16, 2011) .................................................................................20

*Coletta v Allied Interstate, LLC*, No. 1:18-cv-04014, 2018 U.S. Dist. LEXIS 219732 (N.D. Ill. Dec. 10, 2018) ...................................................................... 15, 16

*Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007)...................8, 13

*Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030 (N.D. Cal. 2013) ...................21

*Delgado v. Client Service, Inc.*, No. 17-cv-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018) ...............................................................................13, 15, 16, 17

*Dick v. Enhanced Recovery Co., LLC*, No. 15-cv-2631, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) .............................................................................15

*Duarte v. Client Services, Inc.,* 1:18-cv-01227, 2019 U.S. Dist. LEXIS 53900 (N.D. Ill. Mar. 29, 2019)............................................................................14, 15

*Gonzales v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007) ........8

*Jones v. Professional Finance Co., Inc.*, 2017 WK 6033947 (S.D. Fla. Dec. 4, 2017)...15, 16

*Martinez v. Aargon Agency, Inc.*, 2018 WL 4355162 (D. Nevada Sept. 18, 2018)...11, 12, 20

*Masuda v. Thomas Richard & Co.*, 759 F. Supp. 1456 (C.D. Cal. 1991).........................20

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997)........................................................11, 12

*Thomas v. Loomis-Therrien*, No. 5:14-cv-00979-CAS-JC, 2014 WL 5335913 (C.D. Cal. Oct. 20, 2014)..................................................................................................................19

**Statutes**

15 U.S.C. § 1692...............................................................................................................8

15 U.S.C. § 1692e(10).....................................................................................................12

15 U.S.C. § 1692e(2).......................................................................................................12

15 U.S.C. § 1692e(5).......................................................................................................12

15 U.S.C. § 1692g(a)(1)..................................................................................................17

15 U.S.C. §1692f(1).........................................................................................................20

Cal. Civ. Code § 1788.17................................................................................................21

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................21

# I. INTRODUCTION

Patricia Vallejo ("Plaintiff") filed this lawsuit on April 18, 2019, complaining of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and alleged violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 (the "RFDCPA"). Specifically, Plaintiff alleges that a dunning letter (the "Letter") sent by Defendant to Plaintiff violated 15 U.S.C. §§ 1692e(2), e(5), e(10), f(1), and Cal. Civ. Code § 1788.17 by listing "Other Charges" and "Interest" as "$0.00." *see* <u>Doc. 1</u>. Plaintiff complains of the following language in the Letter:

| | |
|---|---|
| Balance Due at Charge-Off: | $2,092.60 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |
| **Current Balance:** | **$2,092.60** |

<u>Doc. 1</u> at 3. Plaintiff contends that "the itemization of interest and 'other charges' as totaling '$0.00,' suggests to the least sophisticated consumer that such interest and 'other charges' may be added to the subject debt in the future." *Id.* However, Plaintiff's position is fatally flawed for a veritable laundry list of reasons, as will be fully set forth below.

Plaintiff's complaint should be dismissed because the Letter, and specifically the portion identified *supra*, does not violate the FDCPA or the RFDCPA in any manner. Indeed, all of Plaintiff's claims rest on the assertion that the Letter is somehow misleading despite the fact that the Letter followed the FDCPA's requirements and informed Plaintiff of *precisely* the amount she owed. An inclusion of a line stated Interest: $0.00 or Other Charges: $0.00, on its face, in no way suggests that the amount may subsequently increase. To hold otherwise would contravene not only Congressional intent in enacting the FDCPA, but also the plain language of the statute and basic principles of logic.

Ninth Circuit precedent dictates that a dunning letter can not have violated § 1692e(10), which prohibits the use of "false representation or deceptive means," where there was no violation of § 1692g(a)'s requirements. The Ninth Circuit has also

recognized, in accordance with a number of other circuits, that, for a violation of the FDCPA to occur, a debtor's rights must be *materially* impeded by a collector's actions. Given that even false information on a dunning letter does not violate the FDCPA where it is immaterial, it is difficult to imagine that a precise accounting of Plaintiff's balance could cause her to be so mislead.

Plaintiff cites a single authority in her Complaint, a district court case from Illinois. Said authority is easily distinguishable from the instant matter, as the quotations Plaintiff cherry-picked ignore that the Court reached its conclusion based on factors not so much as mentioned in Plaintiff's Complaint. Moreover, if Plaintiff wishes to rely on out-of-circuit precedent, then she should have been aware that numerous courts have found the language at issue not to violate the FDCPA.

For these reasons, as fully set forth below, Defendant CSI respectfully pleads that Plaintiff's complaint be dismissed in its entirety.

## II.  LEGAL STANDARDS AND STATUTORY FRAMEWORK

### A.  Rule 12(c) and 12(b)(6)

The standard applied to a Rule 12(c) motion for judgment on the pleadings is "substantially identical" to the standard applied to a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "[U]nder both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id*. Specifically, under Rule 12(b)(6) and for that matter, Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a claimant must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a claimant's well-pleaded factual allegations

7

and construes all factual inferences in the light most favorable to the claimant. *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by 307 F.3d 1119, 1121 (9th Cir. 2002).

## B.    The FDCPA

Congress enacted the FDCPA in 1977 not only to eliminate abusive debt collection practices by debt collectors but also to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(a), (e); *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (discussing purpose of the FDCPA). The FDCPA is generally construed as a strict liability statute. *See Clark v. Capital Credit & Collection Servs*., 460 F.3d 1162, 1175 (9th Cir. 2006) ("this broad language seems to make the FDCPA a strict liability statute"); *see also Gonzales v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140, 1146 (S.D. Cal. 2007). The statute measures the behavior of debt collectors under the rubric of the "least sophisticated debtor." *Clark*, 460 F.3d at 1171. "This objective standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous.'" *Costa v. Nat'l Action Fin. Servs*., 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).   However, although the FDCPA was meant to shield debtors from abusive collection practices, it was not intended to shift the balance of power such that it became a

"sword to be brandished by debtors . . . ." *see Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 941 (9th Cir. 2007).

To that end, "[w]hether conduct violates § 1692e or § 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1030 (9th Cir.2010). The [least sophisticated debtor] standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir.2011). "At the same time, the standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care. The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id*. at 1062 (quotations omitted). "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue*, 592 F.3d at 1033. "In assessing FDCPA liability, [the Court of Appeals for the Ninth Circuit is] not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id*. at 1034.

## C.    Standing

Standing is a threshold jurisdictional issue that is distinct from the merits of a litigant's claim. *Maya v. Centex Corp*., 658 F.3d 1060, 1068 (9th Cir. 2011). "The [standing] doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, U.S. 136 S.Ct. 1540, 1547 (2016). To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that fact is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*.

"[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'" *Spokeo*, 136 S.Ct. at 1545 (quoting *Friends of the Earth,*

*Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)). "Concrete" conveys "the usual meaning of the term—'real' and not 'abstract.'" *Id.* But "concrete" does not necessarily mean "tangible." *Id.* at 1549. Even though tangible injuries are "perhaps easier to recognize," "intangible injuries can nevertheless be concrete." *Id.* Therefore, "Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 578, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

However, "Congress'[s] role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize a person to sue to vindicate that right." *Id.* Even where Congress has codified a statutory right, a plaintiff must still allege that she has suffered a concrete and particularized injury connected to that interest. *Id.* at 1547-48. "For that reason [a plaintiff may] not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549 (holding that a violation of the Fair Credit Reporting Act's requirements does not necessarily result in harm, like, for example, when a consumer reporting agency disseminates a false zip code about a consumer). Nevertheless, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," in which cases "a plaintiff ... need not allege any additional harm beyond the one Congress has identified." *Id.* at 1449-50 (internal citations omitted).

## III.  ARGUMENT

### A.  Plaintiff lacks standing to sue under the FDCPA because she did not suffer a cognizable injury-in-fact.

In a case much like the instant matter, a district court within the Ninth Circuit recently found that, because the plaintiff had not suffered a cognizable injury-in-fact, she lacked standing to sue the defendant under § 1692e. *Martinez v. Aargon Agency, Inc.*, 2018 WL 4355162 (D. Nev. Sept. 18, 2018). Similar to the present case, the Letter in *Martinez* involved the itemization of "Interest Accrued," "Charges/Fees," and "Your Payments" as

"$0.00," before listing the "Total Balance Due."  *Id.* at \*1.  However, the claim in *Martinez* was arguably stronger than Plaintiff's here, where the *Martinez* letter went on to state:

> As of the date of this letter, you owe the Total Balance Due listed above. This amount may vary due to payments and/or accrual of interest. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collection.

*Id.*  Accordingly, Martinez alleged that Aargon violated §§ 1692e, 1692e(10), 1692f, and 1692g of the FDCPA, primarily under the theory that "Aargon intentionally included conditional language about accrual of interest–despite knowing that debt's balance will not vary at all during its collection–to deceive and confuse debtors and trick them into paying rather than exercising their rights to challenge the debt under the FDCPA."  *Id.*  Much like the instant matter, Martinez further claimed that "the threat of additional costs and interest led her to believe that she must pay the balance immediately to avoid an increase . . . ."  *Id.*; Doc. 1 at 7 ("Defendant intentionally chose to utilize its deceptive language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt promptly, interest or other charges may accrue . . . .").

The *Martinez* court found the plaintiff's allegations woefully insufficient, holding that "[w]hile Martinez has shown that she was confused by the letter, her subjective confusion does not create an FDCPA violation," and noting further that the least sophisticated debtor standard presumes "a basic level of understanding and willingness to read with care."  *Martinez*, 2018 WL 4355162 at \*3 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).  *Martinez* found that, even given the additional language cautioning that the amount owed may vary due to interest, there was nothing "deceptive or misleading" about listing "$0.00" under "Interest Accrued" where none had "accrued" yet.  *Id.*  Resultingly, "Martinez has not shown sufficient evidence to support her allegation that the letter was, in fact, false or misleading. Without doing so, she has not carried her burden to show that she suffered an injury-in-fact sufficient to confer standing."  *Id.*

11

This Court should follow *Martinez* regarding the instant matter.  The Letter at issue simply is not deceptive or misleading under the least sophisticated debtor standard, which preserves a "quotient of reasonableness."  *Terran*, 109 F.3d at 1432.  Here, the letter does no more than plainly state the balance Plaintiff owes, along with informing Plaintiff that no "Interest" or "Other Charges" went into the computation of the same.  Just like *Martinez*, Plaintiff's "subjective confusion does not create an FDCPA violation."  *Martinez,* 2018 WL 4355162 at *3.  This Court should follow the rationale in *Martinez* and find that the Plaintiff has not suffered an injury-in-fact and dismiss all claims against Defendant.

**B.    The Letter Does Not Violate § 1692e.**

   **i.    Defendant's letter accurately states the amount owed by Plaintiff.**

Plaintiff alleges that Defendant violated §§ 1692e(2), e(5) and e(10) through the inclusion of language itemizing interest and other charges as $0.00.  Doc. 1 at 6.  Broadly, § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The specific provisions alleged by Plaintiff prohibit the following:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot be legally taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

In Plaintiff's view, the bare itemization of interest and other charges as $0.00 "misleadingly suggests to consumers the false possibility that Defendant could, and intended to, collect an amount that would be above and beyond that which was outlined as the total due on the collect letter."  Doc. 1 at 6.   While the least sophisticated debtor standard protects consumers who are "unthinking," "gullible," or "ignorant," such protection does not extend to those who would willfully or unreasonable misconstrue plain

language in pursuit of uncertainty.  *See Costa*, 634 F. Supp. 2d at 1074; *Gonzales*, 660 F.3d at 1062 ("The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations."); *Clomon* 988 F.2d at 1319 ("It should be emphasized that in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness.").

Plaintiff's allegations are essentially that, because the itemized list fails to explicitly state that such balances will not increase, it is implied that they will.  This position is entirely irrational, and amounts to the sort of "bizarre, idiosyncratic, or peculiar" misinterpretation warned against in *Gonzales*; the absence of a statement explicitly negating some perceived possibility does not affirmatively imply the same.  660 F.3d at 1062.  Further, one might argue that listing these balances as $0.00, thereby demonstrating that *no* interest and *no* other charges have been added to Plaintiff's balance, carries an implication that it will similarly not increase in the future.  Defendant does not go even that far, however.  Instead, Defendant urges that the plain language of the letter carries no implication in either direction – that is to say, the Letter means no more and no less than precisely the information conveyed.  When Plaintiff received the Letter, she owed $0.00 in interest, and $0.00 in other charges.  This information, along with the exact balance owed, was accurately and completely conveyed to Plaintiff by the Letter.  Simply put, the information in the Letter could not have been presented more clearly.  It is easy to imagine that, had Defendant declined to itemize Plaintiff's balance, Defendant would nonetheless be facing a lawsuit alleging uncertainty because Plaintiff was uninformed as to what calculations made up her balance owed. This would put Defendant between a rock and a hard place. *See Delgado v. Client Service, Inc.*, No. 17-cv-4364, 2018 WL 1193741, at *3 (N.D. Ill. Mar. 7, 2018).  Allowing Plaintiff's interpretation would throw the concept of reasonableness right out the window, rather than preserving it.  *Clomon* 988 F.2d at 1319.

Accordingly, Plaintiff's § 1692e(2) and e(10) claims, which require that a debt collector make a "false representation," cannot succeed where the information provided is literally true and presented plainly.  Similarly, Defendant has not "threatened" to do

something it is not legally entitled to under § 1692e(5) because accurately providing the amount owed does not "threaten" to do anything.

### ii. **Plaintiff's reliance on Duarte is misplaced considering other courts have ruled that the letter does not violate the FDCPA.**

#### a. *Duarte is easily distinguishable from the instant matter*

Plaintiff solely cites *Duarte v. Client Services, Inc.,* 1:18-cv-01227, 2019 U.S. Dist. LEXIS 53900 (N.D. Ill. Mar. 29, 2019) in her Complaint to support her cause of action. Such reliance is misplaced because the *Duarte* Court partially denied CSI's Motion for Judgment on the Pleadings based on a fact pattern different from the one at play in the present case.

Here, there is only one letter at issue in Plaintiff's Complaint. *See* <u>Doc. 1</u>. Notably, in *Duarte*, there are *two* letters at issue in the court's § 1692e analysis. Plaintiff quotes *Duarte* in saying: "The phrase 'Other Charges' along with an amount of '$0.00' listed could have implied to plaintiff . . . that plaintiff could have incurred additional charges . . . In fact, the First Letter has separate line items for 'Interest' and 'Other Charges.' An unsophisticated consumer, like plaintiff, could reasonably have believed that she would incur other charges if she did not pay the debt." <u>Doc. 1</u> at 7 (quoting *Duarte*, 2019 U.S. Dist. LEXIS 53900 at *7). In doing so, Plaintiff has conveniently omitted the fact that the *Duarte* Court came to this conclusion specifically due to the *second* letter explicitly disclaiming that interest could be added while making no mention of other charges:

> While CSI points to the Account Resolution Offer [i.e. the second letter], which states that *no interest* would be added to plaintiff's account during the collection efforts, the First Letter and related Account Resolution Offer make no mention of *other charges* being added to her alleged debt during the collection process . . .

*Duarte*, 2019 U.S. Dist. LEXIS 53900 at *7 (emphasis in original).

Resultingly, Plaintiff's reliance on *Duarte* is disingenuous. The facts set forth in Plaintiff's Complaint and those in *Duarte* are not the same, and the ruling in Duarte was made based on the facts that are not at play in the present matter.

### b. Other circuits have consistently supported Defendant's position

Defendant directs the Court's attention to several that have found similar or identical letters are not in violation of the FDCPA. *See Delgado,* 2018 WL 1193741, at *1; *Dick v. Enhanced Recovery Co., LLC,* No. 15-cv-2631, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016); *Jones v. Professional Finance Co., Inc.*, 2017 WK 6033947 (S.D. Fla. Dec. 4, 2017); *Coletta v Allied Interstate, LLC*, No. 1:18-cv-04014, 2018 U.S. Dist. LEXIS 219732 (N.D. Ill. Dec. 10, 2018). These decisions involve the same allegations as the instant matter and, while not dispositive, their reasoning are instructive to this Court.

Regarding the same § 1692e allegation as the instant matter and addressing a virtually identical letter, *Delgado* noted that "[r]ather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges." *Delgado*, 2018 WL 1193741, at *3. Considering the letter as a whole, "[t]here is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges." *Id.*

Similarly, in *Dick* the plaintiff "argue[d] that the language of the Letter could imply a future imposition of noninterest charges and fees." *Dick*, 2016 WL 5678556 at *4. In response, the *Dick* court stated:

> Such an interpretation contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an account of that debt. The Letter does not leave Dick, or the least sophisticated consumer, in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection. Accordingly, the language of the Letter is not false, deceptive, or misleading and does not violate section 1692e.

*Id.*

*Dick* and *Delgado* are likewise joined in their rationale by the court in *Jones*. In addressing a dunning letter in which the "fee column reflect[ed] a $0.00 balance," *Jones* held as follows:

> Even the least sophisticated consumer would not be misled or deceived by the Collection Letter.  Plaintiff cannot state a violation of the FDCPA, or the FCCPA.  First, the Collection Letter does not falsely state that there are fees associated with Plaintiff's debt.  It *specifically shows there are no fees associated with the debt*; that is the ordinary meaning of 0.00 – none, zilch, nada.

*Jones*, 2017 WL 6033547, at *1-2 (emphasis added).

Plaintiff alleges that "false implications" arise from itemizing "Interest" and "Other Charges."  Doc. 1 at 6-7.  Yet as the court in *Delgado* pointed out, "[Defendant] has done precisely what the Seventh Circuit recommends by clearly itemizing the various components of the debt."  *Delgado*, 2018 WL 1193741, at *3 (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004)).  Accordingly, this Court should adopt the *Delgado* court's reasoning that allowing Plaintiff's allegations to succeed would place debt collectors in an impossible situation.  If the letter is found to be misleading or deceptive, it would "place debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot break down the amount into categories either, for fear of being misleading."  *Id.*  Plaintiff's allegations are type of bizarre and idiosyncratic interpretations of dunning letters that the FDCPA is designed to insulate debt collectors from.  *Gonzales,* 660 F.3d at 1062.

More recently, the court in *Coletta* joined with *Delgado*, *Jones* and *Dick*. In *Coletta*, the district court held that "[i]t plainly was not misleading to list $0 for 'Other Charges'" and "even an unsophisticated customer could not interpret '$0.00' in 'Collection Costs' as a latent threat."  *Coletta*, 2018 U.S. Dist. LEXIS 219732, at *6. The *Coletta* court explicitly endorsed the holding in *Delgado*, a case which featured the same exact letter as this case. *Id.* at *4–5.

This Court should adopt the reasoning in *Delgado*, *Dick*, *Jones*, and *Coletta* for several reasons.  First, the letter in *Delgado* is identical to the Letter at issue in this case. Second, the Letter is neither false nor misleading, but rather "sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due

includes interest and other charges." *Delgado*, 2018 WL 1193741, at *3. Adopting the reading that Plaintiff espouses would "place debt collectors between a rock and a hard place," and ensure that collectors are "damned if they do and damned if they don't." *Id.* It would be a great injustice to place collectors in such an irreconcilable position. Moreover, that different courts from the Second, Seventh, and Eleventh Circuits came to the same conclusion regarding substantively identical allegations speaks to the soundness of the rationale behind their holdings. Accordingly, Defendant respectfully urges that this Court adopt similar reasoning and dismiss Plaintiff's claims in their entirety.

### iii.   The Ninth Circuit has held that § 1692e(10) cannot be violated where the requirements of § 1692g(a) are satisfied.

Defendant's Letter did not, and Plaintiff does not allege otherwise, violate the requirements of § 1692g(a). *See* <u>Doc. 1</u>. Because Plaintiff's allegations are in relation to her itemized balance, the only relevant § 1692g(a) requirement is that a debt collector must accurately state "the amount of the debt." 15 U.S.C. § 1692g(a)(1). Defendant has done so here, and the contents of Plaintiff's Complaint affirm the same. <u>Doc. 1</u> at 3. What Plaintiff *does* allege is, in part, that Defendant violated § 1692e(10) by using "any false representation or deceptive means to collect or attempt to collect any debt . . .." *Id.* at 6. The Ninth and Sixth Circuits each hold that a notice, which does not violate the requirements of § 1692g(a), cannot violate § 1692e(10). *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290F.3d 1055, 1057-58 (9th Cir. 2002); *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007). The rationale is simple; a Letter which accurately conveys the requisite information under § 1692g cannot be said to have used false representations or deceptive means in doing so. *See Id.* Although each of Plaintiff's claims are without merit, a § 1692e(10) violation simply could not have occurred as alleged without an underlying violation of § 1692g(a).

### iv.   The Ninth Circuit requires that FDCPA violations be material.

Even if the itemization of interest and costs was considered by the Court to be false, deceptive, or misleading (which Defendant does not concede), the Ninth Circuit, among

others, requires false, deceptive, or misleading statements to be material.  *Donohue v. Quick Collect*, 592 F.3d 1027, 1032 (9th Cir. 2010); *see also Miller v. Javitch, Block, Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009); *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015); *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437-38 (8th Cir. 2015) (rejecting the argument that any false statement by a debt collector is a per se violation of § 1692e).  These decisions have made clear that false but immaterial statements are not actionable under §1692e.  *Id.*  Surely then, immaterial statements that are *literally true* are likewise unactionable under § 1692e.

In *Donohue*, the court found that the debt collector's "mislabeling $32.89 at 12% interest, when $32.89 included both interest and pre-assignment finance charges, is not materially false" and therefore was not actionable under the FDCPA.  *Donohue*, 592 F.3d at 1034.  Similarly, in *Hahn v. Triumph Partnerships LLC*, where a debt collector provided an accurate "amount due" but improperly labeled the categories comprising the total, the court found that this was immaterial and therefore not actionable under the FDCPA.  *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009).

The court in *Hahn* further reasoned that the FDCPA "is designed to provide information that helps consumers choose intelligently . . . immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)."  *Hahn*, 557 F.3d at 757-58.  Here, the factually correct statement that Plaintiff owed $0.00 in Interest and Other Charges was not material, even if it were misleading, because it had no bearing on the amount the Letter informed Plaintiff that she owed.

Notably, the present matter consists of a set of facts that are even less material than those in *Donohue*, *Hahn,* and the other authorities cited.  Here, Plaintiff does not even allege that CSI made a false, deceptive, or misleading statement.  Rather, Plaintiff asserts that CSI's true and accurate statement regarding Interest and Other Charges was, in of itself, false, deceptive, and misleading by "suggest[ing] the subject debt could accrue interest in the future . . .."  <u>Doc. 1</u> at 6.  Plaintiff further alleges that it was misleading to

include a balance for "other charges" because "[t]o the extent such charges were allowed, such charges would have been incurred prior to the sending of the [Letter], or otherwise would not yet have been contemplated at the time the [Letter] was sent." *Id.* Defendant agrees that these are the only time periods in which a charge could possibly accrue[1], although Defendant is unsure of how it could be misleading to inform Plaintiff that, as of the time she received the Letter, no such charges had been added to her account. Ultimately, the authorities cited *supra* make clear that a perceived misrepresentation is not material, and therefore not actionable, under the FDCPA where the amount Plaintiff owed in order to settle her debt was accurately provided. Nothing about the challenged information prevents Plaintiff from making an informed decision regarding the amount of debt she owed, and her rights regarding the same under the FDCPA. *Hahn*, 557 F.3d at 755.

## C. The Letter did not violate § 1692f

Plaintiff's complaint under § 1692f is deficient because the claim is based upon the same allegations as Plaintiff's complaint under § 1692e. Courts in this Circuit have recognized that a cause of action is deficient under § 1692f "if it does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA." *Thomas v. Loomis-Therrien*, No. 5:14-cv-00979-CAS-JC, 2014 WL 5335913, at *6 (C.D. Cal. Oct. 20, 2014) (citation omitted); *Amina v. WMC Mortg. Corp.*, No. 10-cv-00165-JMS-KSC, 2011 WL 1869835, at *16 (D. Haw. May 16, 2011) ("[A] plaintiff must base violations of §§ 1692e & 1692f on conduct other than that already identified in other sections of the FDCPA."); *Masuda v. Thomas Richard & Co.*, 759 F. Supp. 1456, 1461 n.10 (C.D. Cal. 1991) ("Congress employed general language to 'enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed.'"). Plaintiff's § 1692f claim is based upon the same alleged misconduct Plaintiff bases all her

---

[1] Insofar as Plaintiff's statement broadly encompasses all points in time before and after the Letter was sent.

other FDCPA claims (*See* <u>Doc. 1</u>, at 6–7 (§ 1692e(2) claim based upon the alleged representation arising from the itemization of interest and other charges as "0.00"), at 6–7 (§ 1692e(5) claim based upon the same), at 6–7 (§ 1692e(10) claim based upon the same)). Accordingly, the § 1692f claim should be denied as a matter of law.

Second, in addition to the foregoing arguments and authorities, Plaintiff's allegation is defeated by the plain language of the § 1692f violation enumerated in Plaintiff's Complaint.  Plaintiff alleges that "Defendant violated § 1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter." *Id.*   As a preliminary matter, Defendant's letter makes no such suggestion; *Martinez* highlights that, even with additional language stating that the balance may vary day-to-day, letters like the instant Letter suggest no such thing. *Martinez*, 2018 WL 4355162 at *3.  Additionally, the language of § 1692f(1) is as follows:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

15 U.S.C. §1692f(1).  As can be seen from the plain language, § 1692f(1) requires the actual collection of any amount.  Accordingly, even if Defendant had somehow implied to Plaintiff that her debt may increase (which Defendant did not), she would not have stated a claim under § 1692f(1).  Regarding Plaintiff's general § 1692f allegations, there simply is nothing on the record to support that Defendant used "unfair or unconscionable means to collect or attempt to collect any debt."   <u>Doc. 1</u> at 7.  There is nothing unfair or unconscionable about accurately providing to Plaintiff the balance due on her account. Consequently, this Court should dismiss Plaintiff's § 1692f claims.

**D.    The Letter does not violate Cal. Civ. Code § 1788.17.**

Finally, Plaintiff's Rosenthal Act claim also fails.  Specifically, Plaintiff alleges violation of Cal. Civ. Code § 1788.17 (<u>Doc. 1</u> at 9).  "A claim for violation of Rosenthal Act Section 1788.17 simply requires showing that a defendant violated any of several provisions of the FDCPA." *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1032

(N.D. Cal. 2013).  Consequently, without a finding of a violation of the FDCPA, Plaintiff's RFDCPA claim fails in its entirety. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations.  Thus, . . . whether a . . . notice violates the Rosenthal Act turns on whether it violates the FDCPA.") (citing Cal. Civ. Code § 1788.17).  Here, given that Plaintiff's FDCPA claims fail as argued above, this Court should dismiss the RFDCPA claim as well.

## IV.  CONCLUSION

The Letter sent by Defendant did not violate the FDCPA or the RFDCPA in any manner.  Instead, it accurately conveyed the amount of the debt that was due.  Numerous courts have found that itemizing the balance due does not violate the FDCPA, and Defendant would urge this Court to hold accordingly.  Moreover, Plaintiff not only lacks standing to sue under the FDCPA, but her claim is grounded in precisely the bizarre or idiosyncratic interpretations that the FDCPA seeks to insulate debt collectors from.  The least sophisticated consumer simply cannot have been misled nor deceived, where the information provided is factually accurate and does not influence Plaintiff's ability to pursue her rights under the FDCPA.

WHEREFORE, PREMISES CONSIDERED, Defendant Client Services, Inc., respectfully requests that this Court grant its Motion for Judgment on the Pleading and dismiss Plaintiff's claims in their entirety.

[SIGNATURE LINE ON NEXT PAGE]

Dated: July 26, 2019.

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Kathleen A. Zugsay*
Kathleen A. Zugsay
California State Bar No. 325196
Email: kzugsay@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***CLIENT SERVICES, INC.***

**[CERTIFICATE OF SERVICE ON NEXT PAGE]**

## CERTIFICATE OF SERVICE

I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action. My business address is Malone Frost Martin PLLC, NorthPark Central, Suite 1850, 8750 North Central Expressway Dallas, Texas 75231. On July 26, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT CLIENT SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS [Fed. R. Civ. P. 12©]**

|   | By Certified Mail, Return Receipt Requested |
|---|---|
| X | By using the CM/ECF System |
|   | By Email |

| Plaintiff's Counsel | Attorney to be Noticed, Plaintiff |
|---|---|
| **Eric D Coleman** | **Nicholas M Wajda** |
| Sulaiman Law Group Ltd | Wajda Law Group APC |
| 2500 South Highland Avenue Suite 200 | 11400 West Olympic Boulevard Ste 200M |
| Lombard, IL 60148 | Los Angeles, CA 90064 |
| 630-575-8181 | 310-997-0471 |
| Fax: 630-575-8188 | Fax: 866-286-8433 |
| Email: ecoleman@sulaimanlaw.com | Email: nick@wajdalawgroup.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 26, 2019, at Dallas County, Texas.

*/s/Trena Easley*
Trena Easley