**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PATRICIA R. VALLEJO, | ) | Case No. CV 19-3000 FMO (Ex) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SCHEDULING AND CASE MANAGEMENT** |
| | ) | **ORDER RE: JURY TRIAL** |
| CLIENT SERVICES, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**The term "Counsel," as used in this Order, includes parties appearing pro se.**

The court has scheduled the dates set forth on the last two pages of this Order after review of the parties' Joint Rule 26(f) Report.  Therefore, the court deems a Scheduling Conference unnecessary and hereby **vacates** the hearing.  The dates and requirements set forth in this Order are firm.  The court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a proper showing.

In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" the court **orders** as follows.

I.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.

Any stipulation or motion to amend as to any claims, defenses, or parties shall be filed by the deadline set forth in the attached schedule, failing which it shall be deemed that the party has waived any such amendments.  All unserved parties not timely served shall be dismissed without prejudice.  In addition, all "Doe" defendants are to be identified and named on or before the date set forth below, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

II.     DISCOVERY.

A.     Generally.

Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the Central District of California.  Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel.  The court allows discovery to commence as soon as the first answer or motion to dismiss is filed.   The parties should note that absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order.  **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines**.

Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local Rules concerning discovery.  Whenever possible, the court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable and professional manner.  The court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (available on the Central District's website under Information for Attorneys > Attorney Admissions).

B.     Discovery Cut-Off.

The court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, **including all hearings on any related motions**, is to be completed.

C.     Discovery Motions.

Any motion relating to a deposition or challenging the adequacy of discovery responses

must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained and the deposition to be completed before the discovery cut-off if the motion is granted.  Given the requirements set forth in the Local Rules (e.g., "meet and confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, i.e., by preparing and serving the letter required by Local Rule 37-1.

        D.    Expert Discovery.

All disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts.  The final pretrial conference and trial dates will not be continued because expert discovery is not completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

III.    MOTIONS.

The court has established a cut-off date for the filing and service of motions for the court's law and motion calendar.  Counsel should consult the court's Initial Standing Order and related procedures, located on the Central District's website,[1] to determine the court's requirements concerning motions and other matters.  Any motion that is noticed more than 42 days beyond the date the motion is filed shall be stricken or advanced to an earlier motion date.  If the motion is advanced to an earlier motion date, counsel shall comply with the briefing scheduled dictated by the new hearing date.  See Local Rules 7-9 & 7-10.

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index.  If such evidence exceeds **300 pages**, the documents shall be placed in a **three-ring binder**, with an index and with each item of evidence separated by a tab divider on the right side.  In addition, counsel shall provide an electronic copy (i.e., cd, dvd, or flash drive) of the documents in a single, OCR-scanned PDF file with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all

---

[1] http://www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. Fernando M. Olguin (http://www.cacd.uscourts.gov/honorable-fernando-m-olguin).

documents are legible.  Counsel are strongly encouraged to cite docket numbers (and sub-numbers) when citing to the record.

IV.   SETTLEMENT.

Pursuant to Local Rule 16-15, the parties must complete a settlement conference. **No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference**.

If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement** in accordance with the requirements set forth on the last two pages of this Order.

V.   TRIAL PREPARATION.

A.   <u>Final Pretrial Conference</u>.

Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead trial counsel.  Counsel must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

B.   <u>Pretrial Documents</u>.

The filing schedule for pretrial documents is set forth on the last two pages of this Order. **Unless otherwise indicated, compliance with Local Rule 16 is required.  The court does not exempt <u>pro se</u> parties from the requirements of this Order or Local Rule 16**.  Carefully prepared memoranda of contentions of fact and law, witness lists, a pretrial exhibit stipulation, and a proposed pretrial conference order shall be submitted in accordance with the Local Rules and the requirements set forth in this Order.  All pretrial document copies shall be delivered to the court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).  Failure to comply with these requirements may result in the imposition of sanctions as well as the pretrial conference being taken off-calendar or continued.

1          1.      **Witness Lists**.

2          In addition to the requirements of Local Rule 16-5, the witness lists must include a brief

3     description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-

4     examination (separately stated).

5          2.      **Pretrial Exhibit Stipulation**.[2]

6          No later than fourteen (14) days before the deadline set forth below to file the Pretrial

7     Exhibit Stipulation, counsel shall conduct a good faith meet and confer in person to discuss all the

8     trial exhibits and each party's position with respect to the admissibility of each exhibit.  The Pretrial

9     Exhibit Stipulation shall contain each party's numbered list of trial exhibits, with objections, if any,

10    to each exhibit, including the basis of the objection and the offering party's brief response.  All

11    exhibits to which there is no objection shall be deemed admitted.  The parties shall stipulate to the

12    authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall

13    identify any exhibits to which authenticity or foundation have not been stipulated and the specific

14    reasons for the parties' failure to stipulate.

15         The Pretrial Exhibit Stipulation shall be substantially in the following form:

16                          **Pretrial Exhibit Stipulation**

17                      **Plaintiff(s)'/Defendant(s)' Exhibits**

18    **Exhibit No.   Description            Stip. to Adm.?[3]    Objection        Response to Objection**

19

20         Failure to comply with this section may be deemed a waiver of all objections.  Each

21    objection must include the grounds for the objection (e.g., a Federal Rule of Evidence) and an

22    explanation of why the disputed exhibit is not admissible.  **Do not submit** blanket or boilerplate

23    objections to the opposing party's exhibits.  These will be disregarded and overruled.

24

25

26         [2]  It is not necessary to file the Joint Exhibit List required by Local Rule 16-6.1.

27

28         [3]  The Pretrial Exhibit Stipulation shall indicate in this column whether an exhibit is admitted for
      identification purposes only.

3.    **Proposed Pretrial Conference Order**.

The format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  In drafting the proposed pretrial conference order, the parties shall attempt to agree on and set forth as many undisputed facts as possible.  The court will usually read the undisputed facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase the jury's understanding of the case.

C.    Joint Statement of the Case.

No later than the date set forth below, counsel shall file an objective, non-argumentative statement of the case, which the court shall read to all prospective jurors at the beginning of voir dire.  The statement should not exceed one page.

D.    Motions in Limine.

Each party is allowed a maximum of five motions in limine, which must filed no later than the deadline set forth below.  In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of court to file additional motions in limine. The court will not hear or resolve motions in limine that are disguised summary judgment motions.

Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the filing of the motion in limine or to eliminate as many of the disputes as possible.  Counsel for the moving party shall be responsible for arranging this conference.  The conference shall take place in person, with a court reporter present, within seven (7) calendar days of service upon opposing counsel of a letter requesting such conference, but in no event later than fourteen (14) days before the deadline for filing motions in limine.  Unless counsel agree otherwise, the conference shall take place at the office of counsel for the moving party.  The moving party's letter shall: identify the testimony, exhibits, or other specific matters alleged to be admissible or inadmissible; state thoroughly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive); and specify the terms of the order to be sought.

If counsel are unable to resolve their differences, they shall prepare and file a separate,

sequentially numbered joint motion in limine for each issue in dispute.  Each joint motion in limine shall consist of one document signed by all counsel.  The joint motion in limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be admissible or inadmissible, and a statement of the specific prejudice that the moving party will suffer if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the joint motion in limine must contain a clear caption identifying the moving party and the nature of the dispute (e.g., "Plaintiff's Motion in Limine No. 1 to Exclude the Testimony of Defendant's Expert") and state the pretrial conference date, hearing date for the motion, and trial date.

Each separately-represented party shall be limited to ten (10) pages, exclusive of tables of contents and authorities.  Repetition shall be avoided and, as always, brevity is preferred.  Leave for additional space will be given only in extraordinary cases.  The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated.  All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

The moving party must provide its portion of the joint motion in limine to the nonmoving party, via e-mail, no later than nine (9) days before the deadline set forth below for filing motions in limine.  The nonmoving party shall then provide the integrated joint motion in limine, along with any exhibits, to the moving party no later than two (2) days before the filing deadline.  The moving party may not make any further revisions to the joint motion in limine other than finalizing it for filing.  The moving party shall be responsible for filing the joint motion in limine and preparing and filing any supporting exhibits.

The moving party may file a reply memorandum of points and authorities no later than the deadline set forth below.  The reply memorandum shall not exceed five pages, unless otherwise ordered by the court.

A motion in limine made for the purpose of precluding the mention or display of inadmissible matter in the presence of the jury shall be accompanied by a declaration that includes the following: (A) a clear identification of the specific matter alleged to be inadmissible; (B) a representation to the court that the subject of the motion in limine has been discussed with

opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (C) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Any challenge to expert testimony pursuant to Daubert v. Merrell Dow Pharm., 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be lodged in the form of a joint motion in limine.  The court generally does not hold Daubert hearings.

The mandatory chambers copy of all evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be submitted in a separately bound volume and shall include a Table of Contents. **The transcript of the meet and confer session shall be included as an exhibit to the motion in limine**. If the supporting evidence exceeds 50 pages, then each copy of the supporting evidence shall be placed in a three-ring binder with each item of evidence separated by a tab divider on the right side, and shall include a label on the spine of the binder identifying its contents.

The court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (A) failed to confer in a timely manner; (B) failed to provide the opposing party's portion of the joint motion in a timely manner; or (C) refused to sign and return the joint motion after the opposing party's portion was added.

E.      Jury Instructions and Verdict Forms.

1.      No later than thirty-five (35) days before the deadline to file the required jury instructions and verdict forms, the parties shall exchange their respective proposed jury instructions and verdict forms.  No later than twenty-eight (28) days before the filing deadline, each party shall serve objections to the other party's instructions and verdict forms.  No later than twenty-one (21) days before the deadline to file the required jury instructions and verdict forms, lead counsel for the parties shall meet and confer in person at an agreed-upon location within the Central District of California and attempt to come to

1    agreement on the proposed jury instructions and verdict forms.

2           2.      No later than the deadline set forth below, counsel shall submit both general

3    and substantive jury instructions in the form described below.  Counsel must provide the

4    documents described below in WordPerfect (the court's preference) or Word format.  The

5    parties should use the most recent version of the Ninth Circuit's <u>Manual of Model Civil Jury</u>

6    <u>Instructions</u>, which is available on the Ninth Circuit's website,[4] for all applicable jury

7    instructions.  If there is no applicable Ninth Circuit model jury instruction, the parties should

8    consult the current edition of O'Malley, <u>et</u> <u>al.</u>, <u>Federal Jury Practice and Instructions</u>.  If

9    neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties

10   should consult the model jury instructions published by other Circuit Courts of Appeal.

11   Where California law applies, counsel should use the current edition of the <u>Judicial Council</u>

12   <u>of California Civil Jury Instructions</u> ("CACI"), which is available on the California Judicial

13   Branch website.[5]  **The parties shall not modify or supplement a model instruction's**

14   **statement of applicable law** unless absolutely necessary and strongly supported by

15   controlling case law or other persuasive authority.  Each requested instruction shall: (a) cite

16   the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page;

17   (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles

18   of law contained in any other requested instruction.

19          The proposed jury instructions shall be submitted as follows:

20          a.      **Joint Jury Instructions:** Counsel shall file a **joint set of jury**

21   **instructions** on which the parties agree.  Model jury instructions should be modified

22   as necessary to fit the facts of the case, <u>i.e.</u>, inserting names of defendant(s) or

23   witness(es) to whom an instruction applies.  Where language appears in brackets

24   in the model instruction, counsel shall select the appropriate text and eliminate the

25   inapplicable bracketed text. The court expects counsel to agree on the substantial

26

27   _____

     [4]  http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

28
     [5]  http://www.courts.ca.gov/partners/317.htm/civiljuryinstructions/.

majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.  If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions.

        b.    **Disputed Jury Instructions:** Counsel shall file a separate **joint set of disputed jury instructions** propounded by one party to which another party objects.  On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction.  On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction.  Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

        3.    For both the Joint Jury Instructions and Disputed Jury Instructions, counsel must provide an index of all instructions submitted, which must include the following:

        a.    the number of the instruction;

        b.    the title of the instruction;

        c.    the source of the instruction and any relevant case citations; and

        d.    the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

F.    <u>Voir Dire</u>.

        1.    The court will conduct the voir dire.  Counsel may, but are not required to, file a list of proposed case-specific voir dire questions no later than the date set forth below.

        2.    In most cases, the court will conduct its initial voir dire of 16 prospective jurors who will be seated in the jury box.  Generally, the court will select eight jurors.

        3.    Each side will have three peremptory challenges.  After all peremptory

1    challenges have been exercised, the eight jurors in the lowest numbered seats will be the

2    jury.  The court will not necessarily accept a stipulation to a challenge for cause.  If one or

3    more challenges for cause are accepted, and all six peremptory challenges are exercised,

4    the court may decide to proceed with six or seven jurors.

5    G.    Trial Exhibits.

6    Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or

7    dividers on the right side.  The spine portion of the binder shall indicate the volume number **and**

8    contain an index of each exhibit included in the volume.   Plaintiff shall be responsible for

9    submitting hard copies of all trial exhibits as follows:

10   1.    On the **first day of trial**, plaintiff shall submit to the Courtroom Deputy Clerk

11   ("CRD") one (1) three-ring binder containing all **original exhibits** to be used at trial (except

12   those to be used for impeachment only) with official exhibit tags attached and bearing the

13   same number shown on the exhibit list.

14   2.    **Plaintiff shall also submit to the CRD** two (2) three-ring binders with **copies**

15   of each exhibit, tabbed with exhibit numbers, for use by the court and the witness.

16   3.    Exhibit tags may be obtained from the Clerk's Office, located on the fourth

17   floor of the First Street Courthouse.  Plaintiff shall use yellow tags and defendant shall use

18   blue tags.  Digital exhibit tags are also available on the Court's website under Court Forms

19   > General forms > Form G-14A (plaintiff) and G-14B (defendant).  Digital exhibit tags may

20   be used in lieu of tags available from the Clerk's Office.  The tags shall be stapled to the

21   upper right-hand corner of each exhibit with the case number, case name, and exhibit

22   number placed on each tag. Exhibits shall be numbered 1, 2, 3, etc., **not** 1.1, 1.2, 1.3, etc.

23   The defense exhibit numbers shall not duplicate plaintiff's numbers.   Counsel shall

24   designate any "blow-up" enlargement of an existing exhibit with the number of the original

25   exhibit followed by an "A."

26   4.    Admitted exhibits will be given to the jury during deliberations.  Counsel shall

27   review all admitted exhibits with the CRD before the jury retires to begin deliberations.

28   5.    Where a significant number of exhibits will be admitted, the court encourages

1   counsel, preferably by agreement, to consider ways in which testimony about exhibits may

2   be made intelligible to the jury while it is presented.  For example, counsel should consider

3   using courtroom technology or other devices, such as jury notebooks for admitted exhibits.

4   Information concerning the availability, training, and use of courtroom technology is

5   available on the Central District's website.  The court does not permit exhibits to be

6   "published" by passing them up and down the jury box.  Exhibits may be displayed briefly

7   using the screens in the courtroom, unless the process becomes too time-consuming.

8   VI.    JURY TRIAL.

9          A.    <u>Generally</u>.

10         On the first day of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters

11   with the court.  The jury panel will be called when the court is satisfied that the matter is ready for

12   trial.  Jury selection usually takes only a few hours.  Counsel should be prepared to proceed with

13   opening statements and witness examination immediately after jury selection.

14         B.    <u>Advance Notice of Unusual or Difficult Issues</u>.

15         If any counsel have reason to anticipate that a difficult question of law or evidence will

16   necessitate legal argument requiring research or briefing, counsel must give the court advance

17   notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal

18   issue arises that could not have been foreseen and addressed by a motion in limine.  <u>See</u> Fed.

19   R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that

20   must be addressed outside the presence of the jury, so that there is no interruption of the trial.

21   **The court will not keep jurors waiting**.

22         C.    <u>Opening Statements, Examining Witnesses and Summation</u>.

23                1.    Counsel must use the lectern at all times.

24                2.    Counsel shall not discuss the law or argue the case in opening statements.

25                3.    Counsel must not consume time by writing out words, drawing charts or

26   diagrams, etc.  Counsel must prepare such materials in advance.

27                4.    The court will honor (and may establish) reasonable time estimates for

28   opening and closing arguments, examination of witnesses, etc.

D.    Objections to Questions.

1.    Counsel must not use objections to make a speech, recapitulate testimony, or attempt to guide the witness.

2.    When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

E.    General Decorum.

1.    Counsel should not approach the CRD or the witness box, or enter the well of the court, without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

2.    Counsel should rise when addressing the court and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

3.    Counsel should address all remarks to the court.  Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel.  If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the court.

4.    Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years of age.

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.    While court is in session, counsel must not leave the counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.    Counsel shall not make facial expressions; nod or shake their heads; comment; or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness.  Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.      Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.      Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

10.     Water is permitted in the courtroom.  Food is not permitted in the courtroom.

F.      Promptness of Counsel and Witnesses.

1.      Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The court will not delay the trial or inconvenience jurors.

2.      If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.      Counsel must notify the CRD in advance if any witness needs to be accommodated based on a disability or for other reasons.

4.      No presenting party may be without a witness.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the court may deem that party to have rested.

5.      The court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the court in advance.

G.      Exhibits.

1.      Each counsel should keep counsel's own list of exhibits and should note when each exhibit has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion.

5.      When referring to an exhibit, counsel should refer to its exhibit number. Witnesses should be asked to do the same.

6.      Counsel must neither ask witnesses to draw charts or diagrams nor ask the court's permission for a witness to do so.  Any graphic aids must be fully prepared before the court session starts.

H.    <u>Depositions</u>.

1.      The parties shall submit to the CRD all depositions that they intend to use as substantive evidence at trial (<u>i.e.</u>, not merely for impeachment purposes) **on the first day of trial or such earlier date as the court may order**, with all objections noted in the margins.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.      In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

a.      If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.      If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness shall be told to read the relevant pages and lines silently.  Then counsel may: (a) ask the witness further questions on the matter and thereafter read the quotations; or (b) read the quotations and thereafter ask further questions.  Counsel should have an

extra copy of the deposition for this purpose.

      3.    Where a witness is absent and the witness's testimony is offered by deposition, counsel may: (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions; or (b) have counsel read both the questions and answers.

I.    <u>Interrogatories and Requests for Admissions</u>.

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel must prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the court and opposing counsel.

VII.    COMPLIANCE WITH THIS ORDER, THE LOCAL RULES, AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules, or the Federal Rules of Civil Procedure may result in sanctions being imposed.

/ / /

/ / /

/ / /

<u>Patricia R. Vallejo v. Client Services, Inc.</u>
Case No. CV 19-3000 FMO (Ex)

<u>CASE DEADLINES</u>

The court hereby enters the following scheduling order:

1.  Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **September 26, 2019**, failing which it shall be deemed that party's waiver of any such amendments in this action.  All "Doe" defendants are to be identified and named on or before **September 26, 2019**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

2.  All fact and expert discovery shall be completed no later than **December 20, 2019**.

3.  The parties must serve their Initial Expert Witness Disclosures no later than **October 21, 2019**.  Rebuttal Expert Witness Disclosures shall be served no later than **November 20, 2019**. The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4.   The parties shall complete their settlement conference before a mediator from the court's ADR Panel ("settlement officer") no later than **December 20, 2019**.  Plaintiff's counsel shall contact the settlement officer with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the settlement officer, counsel for the parties shall confer and select one of the proposed dates.  Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement conference is completed, file a Status Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions, <u>i.e.</u>, the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the dispute informally, <u>i.e.</u>, the occasions and

1  dates when the parties participated in mediation or settlement conferences.  The Status Report

2  shall also include the name of the settlement officer who assisted the parties with their settlement

3  conference.

4       5.  Any motion for summary judgment or other potentially dispositive motion shall be filed

5  no later than **January 31, 2020**, and noticed for hearing regularly under the Local Rules.  Any

6  untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall comply*

7  *with the requirements set forth in the Court's Order Re: Summary Judgment Motions issued*

8  *contemporaneously with the filing of this Order.*  Each party is allowed one potentially dispositive

9  motion.

10      6.  The parties shall file memoranda of contentions of fact and law; witness lists; the Pretrial

11  Exhibit Stipulation; and joint motions in limine no later than **March 27, 2020**.

12      7.  The parties shall lodge their proposed Pretrial Conference Order and file the Joint Jury

13  Instructions; Disputed Jury Instructions; a joint proposed verdict form; a joint statement of the

14  case; proposed additional voir dire questions, if desired; and reply memoranda to motions in limine

15  no later than **April 3, 2020**.

16      The parties shall also send copies of the proposed Pretrial Conference Order; Joint Jury

17  Instructions; Disputed Jury Instructions; the joint proposed verdict form; the joint statement of the

18  case; and any proposed additional voir dire questions, to the chambers e-mail address

19  (fmo_chambers@cacd.uscourts.gov) in WordPerfect (the court's preference) or Word format.

20      8.  The final pretrial conference and hearing on motions in limine is scheduled for **April 17,**

21  **2020**, at 10:00 a.m.

22      9.  The trial is scheduled to begin on **Tuesday, May 5, 2020**, at 9:00 a.m.  On the first day

23  of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters with the court.

24  Dated this 26th day of July, 2019.

25                                    /s/
                           _____
26                                Fernando M. Olguin
                            United States District Judge

27

28